[No. 14330. Department Two. — September 10, 1891.]

## SAN BERNARDINO NATIONAL BANK, RESPONDENT, *v.* COLTON LAND AND WATER COMPANY ET AL., APPELLANTS.

ACCOMMODATION NOTE — CORPORATION AS APPARENT PRINCIPAL — CONTRACT ULTRA VIRES — NOTICE — CONFLICTING EVIDENCE — APPEAL. — Where a corporation has executed to a bank a note signed by it apparently as a principal maker, after the adoption of a resolution authorizing it to borrow the amount of the note, and the evidence is substantially conflicting as to whether the bank had any notice, actual or constructive, that the corporation executed the note as an accommodation maker or as a surety, a finding against such notice will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion.

*Goodcell & Leonard*, for Appellants.

The articles of incorporation of the Colton Land and Water Company included no power to make accommodation paper, or to sign paper as an accommodation maker or indorser, and the corporation, therefore, had no such power, unless included in its general powers conferred by law. But the law confers no such power. (*Hall* v. *Auburn Turnpike Co.*, 27 Cal. 256; 87 Am. Dec. 75; Green's Brice's Ultra Vires, 2d ed., 252.) The bank, at the time of accepting the note, knew from the note itself that at least two of the signers were security,

and that one of them, the corporation, had no authority to execute a note in that capacity.   It was therefore put upon inquiry as to whether the corporation was receiving the consideration; and if it made no inquiry, it was charged with the notice of the fact.   (Civ. Code, sec. 19.) The plaintiff is not an indorsee in due course, but holds the note subject to all equities and defenses existing in favor of the appellant as against the payee at the time of the transfer.   (Civ. Code, sec. 3123; *Hayward* v. *Stearns*, 39 Cal. 58; *Vinton* v. *Crowe*, 4 Cal. 309.)

*Frank F. Oster*, and *William G. Webb*, for Respondent.

Private corporations have implied power to borrow money in the transaction of their legitimate business, unless expressly prohibited, and the legal presumption is, that such acts were done in the regular course of their authorized business.   And its power to issue negotiable notes is co-extensive with its power to contract debts. (4 Am. & Eng. Ency. of Law, tit. Corporations, subds. F, G, pp. 223, 224, and cases cited; *Rockwell* v. *Elkhorn Bank*, 13 Wis. 653; *Railroad* v. *Howard*, 7 Wall. 412, 413; *Mining Co.* v. *Anglo-California Bank*, 104 U. S. 192; *Farmers and Mechanics' Bank* v. *Butchers and Drovers' Bank*, 16 N. Y. 129, 130; 69 Am. Dec. 678; Code Civ. Proc., sec. 1963, subd. 20.)   The Farmers' Exchange Bank had no notice of any invalidity in the note sued on, and therefore it is binding upon the Colton Land and Water Company, and the judgment and order refusing a new trial should be affirmed.   (2 Morawetz on Private Corporations, secs. 586, 587, 597, note 2; 1 Parsons on Notes and Bills, 2d ed., c. 5, p. 165.)

FITZGERALD, C. — This action is brought to recover on a promissory note for two thousand five hundred dollars, executed by the defendants to the Farmers' Exchange Bank, a corporation, and by it indorsed to plaintiff after maturity.   The note, which is joint and several, is dated July 28, 1887, and is signed by the defendants in the

following order: "Colton Land and Water Company, by A. B. Hotchkiss, President; J. C. Peacock, A. B. Hotchkiss."

The demurrer to the complaint was properly overruled.

The Colton Land and Water Company alone answered, alleging that it was merely an accommodation maker; that such execution of the note was in excess of its corporate authority; and that the plaintiff and its assignor had knowledge of the fact at the time of the execution and transfer of the note.

Judgment was rendered in favor of plaintiff, and the defendants the Colton Land and Water Company and A. B. Hotchkiss appealed from the judgment. Subsequently, an appeal was taken by the defendant corporation from the order refusing a new trial, but it is stipulated that both appeals be heard as one upon the same transcript.

It appears that the note sued on was made by the defendant corporation in pursuance of the following resolution adopted at a meeting of the board of directors of the Colton Land and Water Company, held at Colton on the twenty-seventh day of July, 1887, at which five of the directors, including the defendants Hotchkiss and Peacock, were present: —

" Resolved by the board of directors, that this company borrow two thousand five hundred dollars, and execute its note therefor at regular market rate of interest to such person as might have the money to lend it."

The following stipulation was entered into between the parties hereto: " That the articles of incorporation of the Colton Land and Water Company included no power of the corporation to make accommodation paper, or to sign paper as an accommodation maker or indorser, but the corporation had the power, under its corporate powers, to sign negotiable paper for the purpose of paying corporate indebtedness, or for in any way carrying out the purposes of the incorporation, as set forth in the answer, including the borrowing of money for its own purposes."

Plaintiff offered no evidence, but rested its case on the pleadings.

The defendant Hotchkiss was sworn as a witness for the defense, and testified, substantially, as follows: That he stated to Mr. Drew, the president of the Farmers' Exchange Bank, that he wanted the money for his individual use, and that he would give the Colton Land and Water Company as security; that he got the money on the note sued on and used it for his own purposes, and that the Colton Land and Water Company was simply security thereon, as was Mr. Peacock; that the body of the resolution, in pursuance of which the note was given and the money borrowed, was in his handwriting, and that he delivered it with the note to Mr. Drew when he received the money from the bank, at which time he was the president, and acting as such, of the Colton Land and Water Company.

Mr. Drew was then called as a witness for the defense, and testified, substantially, "that he knew nothing about who was the principal debtor, or for whose use the money was obtained on the note." On cross-examination, he stated "that he understood the money was for Hotchkiss, but whether it was something the company was owing him or whether it was borrowing for him he was not clear."

The statement, by Hotchkiss, that the defendant corporation signed the note merely as accommodation maker or surety, and that it was so understood and accepted by the Farmers' Exchange Bank, is contradicted by Drew, and is inconsistent with the act of the board of directors of the defendant corporation by which it resolved to "borrow" the money, and with the fact that the resolution which was written by Mr. Hotchkiss, who is an attorney as well as president of the corporation, was delivered by him with the note to the bank at the time he received the money, and with the further fact that the signature of the defendant corporation, by its president, Hotchkiss, should appear first on the note, — a

rather unusual place, it must be conceded, for the signature of an accommodation maker or surety.

It would appear, therefore, that aside from the testimony of the defendant Hotchkiss, there is nothing that is even remotely suggestive of the slightest suspicion that the transaction, on its face, was not in the ordinary course of the business of the defendant corporation, and one that was clearly within the scope of its corporate authority.

The court, in its decision, found that neither the plaintiff or its assignor, the Farmers' Exchange Bank, had any knowledge whatever, either actual or constructive, that the defendant corporation executed the note in question as an accommodation maker or surety, and not as principal. As the evidence on this point is substantially conflicting, the finding thereon will not be disturbed on the ground of the insufficiency of the evidence to justify it.

It is insisted by appellant that the fourth and ninth findings are contradictory. In this view we cannot concur. The fourth finding, that the note was executed for a valuable consideration, is admitted by the answer, and is in no respect inconsistent with the ninth finding, that the defendant corporation received no part of the consideration.

We therefore advise that the judgment and order be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.